**Janice KELLEY, on behalf of herself and all others similarly situated**

v.

**Bernard SHAPIRO, Commissioner of Welfare, State of Connecticut.**

**Civ. No. 12862.**

United States District Court
D. Connecticut.

April 16, 1969.

William H. Clendenen, Jr., New Haven, Conn., for plaintiff.

James M. Higgins, Asst. Atty. Gen., East Hartford, Conn., for defendant.

## RULING ON MOTIONS FOR SUMMARY JUDGMENT

BLUMENFELD, District Judge.

This is a civil action seeking declaratory and injunctive relief against the Connecticut Commissioner of Welfare, alleging that his failure to compile, publish, and distribute the fair hearing decisions of the Connecticut State Welfare Department is in contravention of the due process clause of the United States Constitution, and with federal and state regulations. Plaintiff relies on 42 U.S.C. § 1983 for a cause of action and on 28 U.S.C. § 1343 for jurisdiction. Both plaintiff and defendant have filed motions for summary judgment, the defendant's motion being based on lack of jurisdiction.

Plaintiff is the mother of four children eligible to receive assistance under the Aid to Families With Dependent Children (AFDC) program. She alleges that she had requested a fair hearing before the Connecticut State Welfare Department, alleging a refusal of that department to provide an adequate clothing allowance to one of her sons. She alleges that there have been prior fair hearing decisions relevant to the claim she asserts, and that defendant's failure to provide access to them amounts to a denial of the full exercise of her right to a fair hearing.

## The Constitutional Issue

■■ The procedure for fair hearings before the welfare department is set out in Conn.Gen.Stats. § 17–2a. The statute provides that the hearing shall be held within 30 days from the receipt of an application for one, that notice of the hearing shall be mailed to the aggrieved person, that the aggrieved person may be represented by an attorney, that witnesses may be subpoenaed, and that a stenographic or mechanical record shall be made of each hearing. Furthermore, § 17–2b provides that a decision shall be made within 30 days after the hearing, that a copy thereof shall be mailed to the aggrieved person, and that an appeal from the decision may be taken. Plaintiff does not challenge any of these provisions, but in effect claims that they are insufficient to satisfy procedural due process in the absence of published precedents upon which an aggrieved person can base his arguments in such a hearing.

Plaintiff points to no case holding that failure to publish agency decisions is a denial of due process. Rather, plaintiff relies on cases standing for the proposition that the lack of "ascertainable standards" to govern an administrative decision violates due process. *See, e. g.,* Holmes v. New York City Housing Authority, 398 F.2d 262 (2d Cir. 1968). However, as *Holmes* pointed out, "ascertainable standards" are required to prevent arbitrary and capricious agency action. Here there is no allegation that the hearing decisions are arbitrary and capricious. More important, there are not only general "ascertainable standards" provided by the Social Security Act and made applicable to the states, *see* 42 U.S.C. §§ 602–607, but there are numerous federal and state regulations governing the day-to-day administration of AFDC, most of which are found in the federal government's Handbook of Public Assistance Administration and the Connecticut State Welfare Department Manual. With the administration of AFDC governed by such extensive federal and state regulations, it is difficult to attach much weight to a claim that there is an absence of "ascertainable standards" merely because earlier fair hearing decisions are not published.

"Due process in administrative proceedings of a judicial nature has been said generally to be conformity to fair practices of Anglo-Saxon jurisprudence * * * which is usually equated with adequate notice and a fair hearing * *." Hornsby v. Allen, 326 F.2d 605, 608 (5th Cir. 1964); see Kwong Hai Chew v. Colding, 344 U.S. 590, 597–598, 73 S.Ct. 472, 97 L.Ed. 376 (1953). Plaintiff has ample opportunity to present her claim and rebut opposing contentions at the fair hearing decision allowed by § 17–2a; due process is satisfied. *Cf.* Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 82 L.Ed. 1129 (1938). Therefore, plaintiff presents no substantial constitutional claim.

## The Remaining Claims

■ Plaintiff also claims that the defendant's failure to disseminate fair hearing decisions is in direct contravention of a federal and a state regulation.[1]

---

1. The federal handbook provides: "A State plan for * * * AFDC * * * must provide that: * * * The State agency will establish and maintain a method for informing, at least in summary form, all local agencies of all fair hearing decisions by the hearing authority, and the decisions will be accessi-

However, the court is without jurisdiction to entertain this argument. In this respect the case is governed by McCall v. Shapiro, 292 F.Supp. 268, 274–276 (D. Conn. 1968), aff'd, 416 F.2d 246 (2 Cir. 1969).

Since this court lacks jurisdiction, the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied

ble to the claimants, their representatives, and the public * * *." IV Handbook of Public Assistance Admin. § 6200(c). The state regulation provides: "The State Plan for * * * AFDC * * * provides that: * * * The Department maintains a method of informing all District Offices of decisions, at least in summary form. These are accessible to the appellants, their representatives, and the public * * *." Conn. State Welfare Dep't Manual § 6200.3.